Janine K. Jeffery, Esq. CBN 112639
REILY & JEFFERY
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 350-6282
Fax No.: (818) 350-6283
Jjeffery@reilyjeffery.com

Attorneys for Defendant,
DELTA AIR LINES, INC. erroneously sued as DELTA AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**CV11 0236 MMM (JCx)**

| | |
|---|---|
| WILLIAM SILVERSTEIN, | ) CASE NO. |
| Plaintiff, | ) **NOTICE OF REMOVAL O F CIVIL ACTION PURSUANT TO 28 U.S.C. Section 1441 (FEDERAL QUESTION JURISDICTION)** |
| vs. | ) |
| DELTA AIRLINES, INC., and DOES 1-50, | ) |
| Defendants. | ) |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Delta Air Lines ("Delta"), by and through its attorneys of

record Reily & Jeffery, hereby removes this pending action from the Superior

Court of the State of California for the County of Los Angeles to the United States

District Court for the Central District on the following grounds:

1.    On November 22, 2010, there was filed in the Superior Court of the

State of California for the County of Los Angeles, the attached summons and

complaint bearing Case No.: BC449908 in the records and files of that Court.

True and correct copies of the summons and complaint filed in the State Court are

attached hereto as Exhibit A.

1   2.   Plaintiff mailed a copy of the summons and complaint by certified
2   mail on November 30, 2010. Therefore, service was effective on December 10,
3   2010 (ten days after mailing) and the 30 day time period for removal provided in
4   28 U.S.C. Section 1446(b) has not yet elapsed. Murphy Bros. Inc., v. Michetti
5   Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S.Ct. 1322, 1329 (1999).

6   3.   According to the allegations in the complaint, this is an action by
7   William Silverstein against Delta arising out of, in part, delay in international
8   travel and alleged stolen property from baggage during international travel.

9   4.   This action is a civil action over which this Court has original
10  jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. §
11  1331, and is one which may be removed to this Court by Delta pursuant to the
12  provisions of 28 U.S.C. § 1441(b), in that it arises under the Montreal Convention.

13  5.   The Montreal Convention is applicable to all "international carriage
14  of persons, baggage, or goods performed by aircraft for hire." Convention for the
15  Unification of Certain Rules for International Carriage by Air art. 1, P 1, May 28,
16  1999, ICAO Doc. 9740, reprinted in S. TREATY DOC. NO. 106-45, 1999 WL
17  33292734 (2000) reprinted at 49 USCS § 40105.

18  6.   Plaintiff has specifically pled that the Montreal Convention is
19  applicable to the causes of action in his complaint which relate to a delay in
20  transport during his travel from Vancouver to Boston and an item allegedly stolen
21  from his baggage during his travel from Vancouver to Boston. (Complaint, ¶¶ 78-
22  80; 90-92).

23  7.   Based on plaintiff's express allegations that his third and fourth
24  causes of action are governed by the Montreal Convention, under the well-pleaded
25  complaint rule, jurisdiction in this court is proper. ARCO Environmental
26  Remediation, L.L.C. v. Department of Health & Environmental Quality of
27  Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)

28  8.   Furthermore, original jurisdiction exists regarding plaintiff's causes

2

1  of action based on international travel in that the State law claims related to delay

2  in travel and theft from baggage are completely preempted by the Montreal

3  Convention. *See* Art. 1, p. 1: "This Convention shall prevail over any rules which

4  apply to international carriage by air: 1. between States Parties to this Convention

5  by virtue of those States commonly being Party to (a) the Convention for the

6  Unification of Certain Rules Relating to International Carriage by Air Signed at

7  Warsaw on 12 October 1929.") *See also* <u>Muoneke v. Compagnie Nationale Air</u>

8  <u>Fr.</u>, 330 Fed. Appx. 457, n. 4 (5th Cir. 2009).

9       9.     Removal is also appropriate in this case because of the federal

10  government's paramount interest in regulating aviation.  Federal statutes and

11  regulations, including the Transportation Laws of the United States, 49 U.S.C.

12  Section 40101 et seq., the Airline Deregulation Act, 49 U.S.C. Section 41713, and

13  the regulations promulgated by the Federal Aviation Administration pursuant to

14  those laws, preempt state law in the area.  <u>Morales v. Trans World Airlines, Inc.</u>,

15  504 U.S. 374, 112 S. Ct. 2031, 2037, 119 L. Ed. 2d 157 (1992) (Section

16  1305(a)(1) of the Airline Deregulation Act of 1978, 49 U.S.C. App. § 1305(a)(1),

17  expressly prohibits States from "enacting or enforcing any law, rule, regulation,

18  standard, or other provision having the force and effect of law relating to rates,

19  routes, or services of any air carrier . . . ."); <u>American Airlines, Inc. v. Wolens</u>, 513

20  U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (the ADA "stops States from

21  imposing their own substantive standards with respect to rates, routes, or services.

22  . . .")  Federal question removal, then, is appropriate.  *See* <u>Curtin v. Port</u>

23  <u>Authority</u>, 183 F.Supp.2d 664 (S.D.N.Y. 2002) .

24       10.    Accordingly, removal is proper under the well-pled complaint rule.

25  In addition, removal is proper as both the Montreal Convention and the ADA

26  preempt this action.

27       11.    The defendants identified as "Does 1 through 50" in plaintiff's

28  complaint are merely fictitious parties against whom no cause of action can be

3

1  validly alleged.  To the best of Delta's information and belief, no fictitiously

2  designated defendant has been served with process.

3        Wherefore, Delta prays that the above-entitled action now pending in

4  the Superior Court for the County of Los Angeles, be removed to this Court.

5

6  Dated: January  7, 2011           REILY & JEFFERY

7

8              By:

9                 Janine K. Jeffery, Esq.
                  Attorneys for defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | | | **SUM-100** |
|---|---|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)** | |  | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)** |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Delta Airlines, Inc., and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

William Silverstein

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**NOV 22 2010**

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
A. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Los Angeles Superior Court - Central Dis | **CASE NUMBER:**<br>(Número del Caso): **BC449908** |
|---|---|

Los Angeles Superior Court - Central District, 111 North Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

William Silverstein, 3540 Wilshire Blvd. #901, Los Angeles, CA 90010, 213-738-8975

| DATE:<br>(Fecha) | **JOHN A. CLARKE, Clerk**<br>(Secretario) | AMBER LaFLEUR-CLAYTON | , Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**[SEAL]**

NOV 22 2010

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Delta Airlines, Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 22 2010

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

1  William Silverstein
2  3540 Wilshire Blvd. #901
3  Los Angeles, CA 90010
4  (213) 632-5297
5     *Plaintiff in Pro Per*

6
7
8                  CALIFORNIA SUPERIOR COURT
9            COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10
11                                Case Number:     B C 4 4 9 9 0 8

12  William Silverstein,
13
14            Plaintiff,
15         vs.
16
17  Delta Airlines, Inc.,
18  and DOES 1-50,
19
20           Defendants.
21
22
23
24
25
26
27

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1.    **Breach of Contract**
2.    **Negligence**
3.    **Violation fo Cal. B&P Code § 17200**
4.    **Violation of California Consumers
   Legal Remedies Act (re: Baggage
   Claims)**
5.    **Violation of California Consumers
   Legal Remedies Act (re: Deceptive
   Offers)**

**Jury Trial Requested**

Plaintiff alleges as follows:

## PARTIES

1.   Plaintiff William Silverstein ("Silverstein") is an individual that resides in Los Angeles, California.

2.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto Delta Airlines, Inc. ("Delta") was and is a corporation duly organized and recognized under the laws of the State of Georgia and is registered to do business in California.

3.   Plaintiff is ignorant of the true names and capacity of Defendants sued herein as DOES 1-50, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this

complaint to allege their true names and capacities when ascertained.

4.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein. Plaintiff is informed and believes and thereon alleges that these occurrences are the proximate cause of damages to Plaintiff.

5.   Plaintiff is informed and believes and thereon alleges that at all times relevant herein DOE Defendants were the agents, servants, employees, and co-conspirators of the named Defendants and all Defendants that are doing the things hereinafter mentioned were acting within the course and scope of their authority as such agents, servants, and employees with the permission, consent, and encouragement of all other Defendants and each of them.

## JURISDICTION AND VENUE

6.   The contracts involved in this action were formed within Los Angeles, California.

7.   Defendant Delta is registered to do business in California.

8.   Defendant Delta has at least one office located in Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS

9.   Delta has a frequent flyer program that is named SkyMiles. SkyMiles has several elite statuses which are earned and provide increasing amount of benefits to the customers of Delta.

10.  Plaintiff has held elite status in the SkyMiles program since 1994 excepting, the year 2003.

11.  Plaintiff has been a SkyMiles member since 1991.

12.  To obtain elite status in the SkyMiles one must fly a certain number of flight segments or flight miles.

13.  Elite membership in the SkyMiles program entitles one to receive bonus miles for flights flown, free upgrades to first class, waiver of fees, in additional to various and numerous other benefits of an economic nature.

14.  "Miles" are a unit of measurement within the SkyMiles program that can be used as membership currency. In the SkyMiles program, a member can exchange miles for a travel or travel upgrades. These miles have a monetary value, and one may purchase or gift miles.

15.  A SkyMiles account fits the definition of an open book account.

16. • Delta's Skymiles have a monetary equivalent value.

17.  BaseMiles under Delta's SkyMiles program has a higher value then regular SkyMiles as they qualify SkyMile members for elite status.

18. "Medallion" status is what Delta refers to their elite levels of status within the SkyMiles program.

19. "MQM" is Medallion Qualification Miles. These miles are what qualifies SkyMile members for for the various Medallion Statuses.

20. "Base Miles" is a term that refers to miles that are earned by flying on Delta and will count towards elite status and qualify for additional bonus miles in addition to miles actually flown.

21. SkyTeam is a program that where Delta has partnered with other airlines, include Korean Airlines, which permits SkyMiles members to accrue Base Miles under the SkyMiles program when flying on these partner airlines. Korean Airlines is such a partner airline.

22. Plaintiff sent a letter to Defendants, using certified mail return receipt requested, complaining of the acts described herein, asking that Defendants correct their actions and to compensate Plaintiff for his loss. Defendants refused to correct any of their illegal actions.

23. Plaintiff is informed and believes and thereon alleges that Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff therefore is entitled to and demands exemplary damages in an amount sufficient to deter the Defendants, and others, from behaving in such egregious behavior.

### The Beijing Trip

24. In September 2002, Silverstein researched a trip from Los Angeles to Beijing. This research included reviewing the SkyTeam web site, Delta's web site, and telephone calls to both Delta Airlines and Korean airlines. All the aforementioned sources confirmed that if Silverstein purchased a ticket from and traveled on Korean Airlines that he would receive Base Miles under the subject Skymiles program.

25. On September 26, 2002, Silverstein flew from Los Angeles to Beijing ("Beijing Trip"), returning on October 7, 2002, on Korean Airlines. But for the promise of base miles, Plaintiff would have bought tickets for a direct flight at a significantly lower price.

26. Defendants breached their agreement with Plaintiff under the SkyMiles program by failing and refusing to grant to Plaintiff the proper milage credit. This is despite Plaintiff contacting Delta and sending sent the supporting documents to Delta as, the Delta representatives instructed Silverstein to do.

27. Months later, Silverstein was told that he would not receive the miles for the Beijing Trip credited to his account, because he did not fly in a specific "fare class." Despite Silverstein informing the Delta representatives that he was not informed this on multiple phone calls and that this restriction was not documented on neither Delta's nor Skyteam's web sites, the Delta representatives refused to credit Plaintiff's SkyMiles account.

COMPLAINT

28. Plaintiff Skymile account has been credited by Delta as recently as November 10, 2010. Plaintiff's Skymile account has been last credited for are travel on May 26, 2010.

29. To date, Delta has refused to credit Plaintiff's Skymile account with the base miles from the Beijing Trip.

## The Boston Trip

30. On August 1, 2008, Silverstein attempted to book a flight for his family to fly from Los Angeles to Boston using Delta's web site.

31. The web site offered a price of $423.00 per ticket for the three tickets traveling from Los Angeles on November 24, 2008 and returning on December 1, 2008. Silverstein accepted this offer and immediately completed the purchase form on the web site. The web site then indicated the seats were no longer available at the $423.00 per ticket price, but instead were available at $540.00 per ticket.

32. The time between the indication that the tickets were available at $423.00 per ticket and purchase being rejected, and the $540.00 per ticket price was less than two minutes.

33. As a result of Delta's refusal to comply with its contract with Silverstein, by providing the tickets to Silverstein at the price and schedule that Delta offered to provide those tickets, Silverstein purchased tickets at the same price but instead departing on November 19, 2008 and returning on December 2, 2008. As a result of this breach, this cost Silverstein additional monies and time.

## The Vancouver Trip

34. On September 20, 2008 Silverstein flew from Boston to Vancouver, BC and returned on September 23, 2008 on Northwest flight No. 170. Flight 170 was scheduled to arrive at approximately 10:23 pm.

35. After departing from the gate, Flight 170 had mechanical difficulties. This was announced to the passengers and the flight crew told the passengers that the plane with will return to the gate, which has a plane that we [the passengers] would be able to board and leave quickly so that there would be a little delay.

36. After deplaning, the passengers were told Northwest made an operational decision to require the passengers, including Silverstein, to wait for other equipment to arrive. Silverstein is further informed that Northwest made an operation decision to use other equipment as Northwest did not want the equipment that was available to be in Boston for the following day.

37. As a result of this delay, Plaintiff arrived at approximately 1:00 am on November 24, 2008.

38. As a direct result of this more than two hour delay, Silverstein was required to pay $60.00 in taxi

-4-

1         fare instead of having his aunt pick him up from the Logan Airport. There was no public

2         transportation or shuttles available at that late hour.

3    39.    When Silverstein arrived in Boston he found the main compartment of his suitcase partially

4         unzipped. He found that his recently purchased Celluon virtual keyboard was missing from

5         suitcase.

6    40.    Silverstein reported this to an employee of Northwest, but did not want to file a claim until he

7         was able to empty his suitcase and positively confirmed the virtual keyboard was missing. The

8         employee of Northwest gave Silverstein a business card and provided a telephone number to call.

9    41.    Later that day, during normal business hours, Silverstein called that number and found that the

10        number provided was the wrong number.

11   42.    Silverstein called Northwest Airlines, but was told that he would have to travel back to the

12        airport to file a claim within twenty-four (24) hours of his arrival. After making no progress with

13        the telephonic customer service people, Silverstein, on November 26, 2008 reported this problem

14        on November 26, 2008.

15   43.    Silverstein exchanged several e-mails with Northwest, but to no avail.

16   44.    Defendants have intentionally established systemic procedures to prevent passengers from

17        making valid claims regarding baggage by intentionally misleading them about their rights, and

18        by requiring them to return to the airport file a claim.

19   45.    Plaintiff suffered economic loss as a result of the Defendants actions alleged herein.

20

21                     **FIRST CAUSE OF ACTION**

22                       **(Breach Of Contract)**

23   46.    Plaintiff hereby incorporates by reference paragraphs 1 through 45, inclusive, as if the same were

24        fully set forth herein.

25   47.    Plaintiff suffered damages as a result from Defendants' breach.

26

27    **The Boston Trip**

28   48.    Defendants breached ifs convent of good faith and fair dealings.

29   49.    There is an implied covenant of good faith and fair dealing in any contract.

30   50.    Defendants' making an offer to Plaintiff tickets for a specific itinerary at a specific price and

31        Plaintiff acceptance, by tendering payment, within minutes of that offer constituted the formation

32        of a contract.

33   51.    Defendants' then refusal to sell the tickets to Plaintiff for the price Defendants offered after he

34        tendered payment is a breach of contract. This breach caused Plaintiff damages.

35   52.    Defendants immediately offered Plaintiff identical tickets for the identical itinerary as before, but

         for a higher price.

**The Vancouver Trip**

53. The contract for the Vancouver trip was formed when Plaintiff purchased the tickets for the and was to transport Plaintiff and his luggage between Boston and Vancouver in a timely manner.

54. Defendants breached this contract by failing to transport his virtual keyboard, a part of his luggage.

55. Defendants breached this contract by failing to transport Plaintiff to Boston in a timely manner, despite having equipment available to do so.

56. Defendants breached this contract by making an operational decision to require Plaintiff, and other passengers to wait two hours, for a different plane to arrive instead of using the plane that was available and located at the next gate– as promised by airline employees.

57. Defendants breached this contract by failing to use its best efforts to carry the Plaintiff to Boston – by using the plane that Defendants had at their disposal, which was sitting at the next gate. Instead Plaintiff, and other passengers to wait two hours, for a different plane to arrive instead of using the plane that was available and located at the next gate– as promised by airline employees.

**The Beijing Trip**

58. Defendants represented to Plaintiff that they would deposit BaseMiles into his SkyMiles account, after Plaintiff traveled on Korean Airlines on purchased tickets.

59. Plaintiff purchased tickets on Korean Airlines and traveled to Beijing using said paid tickets.

60. Defendants breached their contract with Plaintiff when they refused to credit Plaintiff with the BaseMiles that resulted from the travel to Beijing using the aforementioned paid tickets on Korean Airlines. To this date, Defendants still refuse to credit these miles.

61. Plaintiff suffered damages as a result of Defendants' wrongful conduct.

62. WHEREFORE, Plaintiff prays for judgment against all Defendants herein for damages as set forth in the Prayer for relief.

**SECOND CAUSE OF ACTION**
**(Negligence)**

63. Plaintiff hereby incorporates by reference paragraphs 1 through 45, inclusive, as if the same were fully set forth herein.

64. Defendants were entrusted with Plaintiff's Luggage.

65. Defendants agreed to accept responsibility for the care and protection of Plaintiff's luggage, which created a duty to care for the luggage and the contents of the luggage, which included not losing items contained within the luggage. Defendants breached that duty by losing items

- 6 -                                                                    COMPLAINT

|    |     |                                                                                                           |
|----|-----|-----------------------------------------------------------------------------------------------------------|
| 1  |     | contained within Plaintiff's luggage.                                                                     |
| 2  | 66. | When Plaintiff entrusted his luggage to Defendants, all zippers were closed.                              |
| 3  | 67. | When Plaintiff entrusted his luggage to Defendants. the zippers on his luggage was functioning            |
| 4  |     | correctly. and would not unintentionally open under normal use.                                           |
| 5  | 68. | When Plaintiff entrusted his luggage to Defendants, his luggage contained a Celluon virtual               |
|    |     | keyboard.                                                                                                  |
| 7  | 69. | When Plaintiff received his luggage from Defendants. the main zipper was opened.                          |
| 8  | 70. | When Plaintiff thoroughly examined his luggage after his arrival in Boston, he found that the             |
| 9  |     | Celluon virtual keyboard was missing.                                                                     |
| 10 | 71. | Plaintiff suffered damages as a result of Defendants' wrongful conduct.                                   |
| 11 | 72. | WHEREFORE, Plaintiff prays for judgment against all Defendants herein for damages as set                  |
| 12 |     | forth in the Prayer for relief.                                                                           |

## THIRD CAUSE OF ACTION
### (Violation fo California Business & Professions Code § 17200)

|    |     |                                                                                                           |
|----|-----|-----------------------------------------------------------------------------------------------------------|
| 17 | 73. | Plaintiff hereby incorporates by reference paragraphs 1 through 45, inclusive. as if the same were        |
| 18 |     | fully set forth herein.                                                                                   |
| 19 | 74. | After arriving on his flight, Plaintiff complained to Defendants that his bag was open an possibly        |
| 20 |     | missing an item, the virtual keyboard.                                                                    |
| 21 | 75. | Defendants' representative gave Plaintiff a business card with a telephone number and to call the         |
| 22 |     | number if Plaintiff confirms that the keyboard is missing from his bag.                                   |
| 23 | 76. | Plaintiff called this number, and found that he was provided with an invalid telephone number.            |
| 24 |     | Plaintiff was given another telephone number to call in which he left a message.                          |
| 25 | 77. | The following day, Plaintiff then called the baggage number for Defendants, and a representative          |
| 26 |     | of Defendants told Plaintiff that he could not file a report with them, unless he filed a written         |
| 27 |     | report at the airline within twenty-four hours.                                                           |
| 28 | 78. | Defendants are required by abide by the "Convention for the Unification of Certain Rules for              |
| 29 |     | International Carriage by Air" also known as the "Montreal Convention."                                   |
| 30 | 79. | Article 26 of the Montreal Convention requires Defendants to accept baggage claims for at least           |
| 31 |     | three days from receipt of the bag.                                                                       |
| 32 | 80. | 49 USC § 41712 prohibits Defendants from engaging in deceptive behavior identical to what is              |
| 33 |     | complained of in the instant lawsuit – the making of false representations regarding baggage              |
| 34 |     | claims to consumers.                                                                                       |
| 35 | 81. | Defendants falsely represented to Plaintiff that Plaintiff must any damage or loss to must be             |
|    |     | reported in writing at the airport within twenty-four hours after receiving the luggage.                  |

82. Defendants have been fined by the Department of Transportation in the amount of $100,000 for engaging in deceptive behavior identical to what is complained of in the instant lawsuit – the making of false representations regarding baggage claims to consumers.

83. Plaintiff suffered monetary damages as a result of Defendants' wrongful conduct.

84. WHEREFORE, Plaintiff prays for judgment against all Defendants herein for damages as set forth in the Prayer for relief.

## FOURTH CAUSE OF ACTION
### (Violation of California Consumers Legal Remedies Act, re: Baggage)

85. Plaintiff hereby incorporates by reference paragraphs 1 through 45 and 72 through 84, inclusive, as if the same were fully set forth herein.

86. After arriving on his flight, Plaintiff complained to Defendants that his bag was open an possibly missing an item, the virtual keyboard.

87. Defendants' representative gave Plaintiff a business card with a telephone number and to call the number if Plaintiff confirms that the keyboard is missing from his bag.

88. Plaintiff called this number, and found that he was provided with an invalid telephone number. Plaintiff was given another telephone number to call in which he left a message.

89. The following day, Plaintiff then called the baggage number for Defendants, and a representative of Defendants told Plaintiff that he could not file a report with them, unless he filed a written report at the airline within twenty-four hours.

90. Defendants are required by abide by the "Convention for the Unification of Certain Rules for International Carriage by Air" also known as the "Montreal Convention."

91. Article 26 of the Montreal Convention requires Defendants to accept baggage claims for at least three days from receipt of the bag.

92. 49 USC § 41712 prohibits Defendants from engaging in deceptive behavior identical to what is complained of in the instant lawsuit – the making of false representations regarding baggage claims to consumers.

93. Defendants have been fined by the Department of Transportation in the amount of $100,000 for engaging in deceptive behavior identical to what is complained of in the instant lawsuit – the making of false representations regarding baggage claims to consumers.

94. Plaintiff suffered monetary damages as a result of Defendants' wrongful conduct.

95. WHEREFORE, Plaintiff prays for judgment against all Defendants herein for damages as set forth in the Prayer for relief.

COMPLAINT

## FIFTH CAUSE OF ACTION

**(Violation of California Consumers Legal Remedies Act, re: Deceptive Offers)**

96.   Plaintiff hereby incorporates by reference paragraphs 1 through 52, inclusive, as if the same were fully set forth herein.

97.   Defendants made an offer to Plaintiff for tickets for a specific itinerary at a specified price.

98.   Defendants refusing to accept the payment that Plaintiff tendered, by offering tickets at a higher price clearly is a violation of Civil Code § 1770(a)(9) and California Business and Professions Code § 17500..

99.   Employees of Defendants have told Plaintiff that they have experienced similar situations, that they have offered tickets at a specific price to other consumers, and within the time it takes the employee to enter the credit card number, the tickets are not available at the same price, but at higher prices. This is not an instance where no other seats on the same itinerary are available.

100.  Defendants can easily hold seats for the time it takes to accept payment with simple programming changes to their system, but refuses to do so.

101.  Defendants' practice complained of herein is akin to a having the cashier in a store giving the consumer a price for an item, taking the consumers credit card, but then refusing to sell the item to the consumer unless the consumer agrees to pay an additional 20% higher then the price that was displayed on the cash registered and quoted by the cashier.

102.  Plaintiff has suffered monetary loss as a result of Defendants' illegal practice.

103.  WHEREFORE, Plaintiff prays for judgment against all Defendants herein for damages as set forth in the Prayer for relief.

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

A.  An Order of this Court enjoining Defendants, and each of them, and their agents, affiliates, servants, employees, and all persons acting under, in concert with them, from misleading consumers regarding their rights as to the making of baggage claims;

B.  An Order of this Court enjoining Defendants, and each of them, and their agents, affiliates, servants, employees, and all persons acting under, in concert with them, from making offers to sell tickets to consumers without keeping that offer open to the consumer for a reasonable amount of time, the shorter of either five minutes after the price if quoted or until the telephone call is ended;

C.  General damages in an amount to be determined at trial;

D.  Special damages in an amount to be determined at trial;

E.  A finding that Defendants have engaged in this behavior defendant has been guilty of oppression, fraud, or malice, in their actions complained of herein;

F.  Punitive damages in an amount to be determined by this Court;

G.  Attorney's fees and costs including expert fees incurred, as allowed by law; and;

H.  For such other and further relief as the Court may deem just and proper.

Dated this 21ST day of November, 2010

By : _____

William Silverstein, Plaintiff in Pro per

- 10 -                                                       COMPLAINT

## PROOF OF SERVICE

   I, Leslie C. Toledo, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 19839 Nordhoff Street, Northridge, California 91324.

   On January 7, 2011, I served the foregoing document described as **NOTICE OF REMOVAL O F CIVIL ACTION PURSUANT TO 28 U.S.C. Section 1441 (FEDERAL QUESTION JURISDICTION)** on the interested parties in this action as follows:

William Silverstein,
In Pro Per
3540 Wilshire Blvd., # 901
Los Angeles, CA 90010

____  **BY OVERNITE EXPRESS OVERNIGHT MAIL.** The documents were placed in sealed, addressed packages for overnight delivery on this date in the ordinary court of business, with all charges prepaid for overnight delivery, to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

_X_  **BY FIRST CLASS MAIL:** The documents were placed in a sealed, addressed envelopes. I caused such envelopes to be deposited in the mail at Los Angeles, California. The envelope were mailed with postage fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____  **BY FACSIMILE TRANSMISSION.** I caused said document to be transmitted by Facsimile machine to:

   Executed on January 7, 2011 at Northridge, California.

   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Leslie C. Toledo*
    Leslie C. Toledo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 236 MMM (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
William Silverstein

**DEFENDANTS**
Delta Air Lines, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
William Silverstein
3540 Wilshire Blvd., #901
Los Angeles, CA 90010

Attorneys (If Known)
Janine K. Jeffery, Esq.
Reily & Jeffery
19839 Nordhoff Street
Northridge, CA 91324

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, Negligence, Violation of Cal. B&P Code Section 17200, Violation of Cal. Consumers Legal Remedies Act re Baggage Claims and Deceptive Offers

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury- Med Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11 0236

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Vancouver |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  January 7, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE

I, Leslie C. Toledo, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 19839 Nordhoff Street, Northridge, California 91324.

On January 7, 2011, I served the foregoing document described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

William Silverstein,
In Pro Per
3540 Wilshire Blvd., # 901
Los Angeles, CA 90010

____ **BY OVERNITE EXPRESS OVERNIGHT MAIL.** The documents were placed in sealed, addressed packages for overnight delivery on this date in the ordinary court of business, with all charges prepaid for overnight delivery, to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

_X_ **BY FIRST CLASS MAIL:** The documents were placed in a sealed, addressed envelopes. I caused such envelopes to be deposited in the mail at Los Angeles, California. The envelope were mailed with postage fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **BY FACSIMILE TRANSMISSION.** I caused said document to be transmitted by Facsimile machine to:

Executed on January 7, 2011 at Northridge, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Leslie C. Toledo*
Leslie C. Toledo