*Lodged Proposed Judgment*

1  William Silverstein
2  3540 Wilshire Blvd. Suite 901
   Los Angeles, CA
3  (213) 632-5297
   (213) 632-5299 (FAX)
4  deltacase@sorehands.com
   *Plaintiff in pro per*

FILED 2011 MAR -4 PM 2:13 CLERK US DISTRICT COURT CENTRAL DIST OF CALIF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC, and DOES 1-50,<br><br>　　　　Defendants. | Case No.: 11-CV-00236-JHN-JCx<br><br>NOTICE OF MOTION AND MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL;<br><br>2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>(Filed Concurrently with the Declaration of William Silverstein)<br><br>Date:　　Monday, April 4, 2011<br>Time:　　2:00 pm<br>Place:　　Courtroom Roybal 790<br><br>Honorable Jacqueline H. Nguyen |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday April 4, 2011, or as soon thereafter as counsel can be heard, in "Courtroom 790" in the Edward R. Roybal Federal Building & U.S. Courthouse 255 E Temple St, Los Angeles, CA 90012. Plaintiff will, and does move the court pursuant to 28 U.S.C 1447(c) to remand this case to California Superior Court. This is made following conference of counsel pursuant to L.R. 7-3 which took place on January 27, 2011, January 29, 2011, and January 31, 2011. (See Silverstein decl. ¶ 3.)

# MOTION

William Silverstein, the plaintiff herein, hereby moves this Court, pursuant to § 1447(c) of Title 28 of the United States Code, for an order of this Court directing:

(1) that this case be remanded back to the California Superior Court of Los Angeles County;

(2) that the defendants pay the plaintiff his just costs, expenses and attorneys fees, incurred as a result of the improper removal as permitted under 28 U.S.C. 1447(c);

Dated this 3rd day of March, 2011

Respectfully Submitted,

By: _____
William Silverstein
Plaintiff in pro per

## Memorandum of Points and Authorities

### I. INTRODUCTION

Plaintiff is asking that this Court remands this case back to Los Angeles Superior Court as this Court lacks subject matter jurisdiction.

On November 22, 2010, William Silverstein ("plaintiff") file the instant action in Los Angeles Superior Court against Delta Air Lines, Inc. ("defendant"). Plaintiff alleged damages resulting from defendant's failure to abide by obligations that it assumed. Plaintiff alleged damages from defendant failure to transport him and his property as it had contracted, that defendant failed to transport plaintiff on an itinerary at a price that defendant agreed to; and failing to credit his frequent flyer account as defendant had contractually agreed to.

Defendant removed the action on January 7, 2011 claiming that most of Plaintiff's claims are preempted by 49 U.S.C. § 41713, the Airline Deregulation Act of 1978.

### II. Discussion

Whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Defendant invoking a federal issue or provision is not *"a password opening federal courts to any state action embracing a point of federal law."* Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes *"allegations of federal law that are essential to the establishment of the claim."* Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). Furthermore,

federal preemption, as a defense, does not create removal jurisdiction. Franchise Tax Bd., 463 U.S. at 12.

Defendant representation that Plaintiff's contractual claim is preempted by the ADA is disingenuous and misleading. While Plaintiff contractual claim does discuss price, it does not relate to the setting of prices, schedule or service. It is solely a claim that defendant made an offer at a price for a particular itinerary, then plaintiff accepted that offer by tendering payment which formed the contract; then defendant changed its mind and demanded extra money. This is akin to walking into a store, selecting a laptop computer off the shelf, the cashier ringing up the purchase for $750.00 including taxes and fees, then the cashier taking your cash; then the cashier claiming that computer is now $858.25, including taxes and fees.

Defendant further claims that Plaintiff's reference to the Montreal Convention makes his claim a claim under the Montreal Convention does not make it a claim under the Montreal Convention. Plaintiff's reference to the Montreal Convention, and the fact that the Department of Transportation ("DOT") fined defendant for $100,000.00 for misleading plaintiff about the contractual obligations witch permits plaintiff to file a claim within seven days, where the Montreal Convention and the DOT states that plaintiff could have filed a claim within three days, but defendant intentionally misled plaintiff telling him he had to file a claim within one day.

Plaintiff's claims in this case are only for defendant failing to give effect to bargains offered to and accepted by plaintiff, which is clearly not preempted. This is clearly distinguishable from the Am. Airlines v. Wolens, 513 U.S. 219 (U.S. 1995) where the Court ruled, regarding the Illinois Consumer Protection Act, that,

> *"the Act does not simply give effect to bargains offered by the airlines and accepted by airline customers. In light of the full text of the preemption clause, and of the ADA's purpose to leave largely to the airlines themselves, and not at all to States, the selection and design of marketing mechanisms*

*appropriate to the furnishing of air transportation services,"* Am. Airlines *supra* at 228.

It is *"settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."* Franchise Tax Bd., 463 U.S. at 14; see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (*"A federal law defense to a state law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."*); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998) (*"Even when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court."*)

While Defendant did not invoke 18 U.S.C. § 1442 as a basis for removal, it is are unable to invoke it. See Watson v. Philip Morris Cos., 551 U.S. 142, 153 (U.S. 2007) ("The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone.")

### III. Conclusion.

Because defendant's claimed ground for removal is based on a federal defense, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

There is no basis for diversity jurisdiction, as the complaint does not allege damages that exceed $75,000.00.

Where it is well settled law that Court has no basis for jurisdiction, plaintiff requests that this case is remanded back to state court, and plaintiff be reimbursed for the attorney fees and costs expenses in the amount of $521.67 that he has incurred relating to this motion. (See Silverstein Decl. ¶¶ 4-7.)

Dated:      March 3, 2011

Respectfully Submitted,

William Silverstein,
Plaintiff in pro per

PROOF OF SERVICE

STATE OF CALIFORNIA,  )
COUNTY OF LOS ANGELES )

I am a resident of the County of Los Angeles, State of California and I am over the age of 18 and not a party to the within action. My work address is 3540 Wilshire Blvd. #417, Los Angeles, CA.

On March 3, 2011, I served the foregoing document(s) entitled:

(1) Notice of Motion and Motion for Remand of Improperly Removed Case and for Just Costs and Expenses, Including Attorney's Fees, Incurred Due to the Improper Removal, and Sanctions Defendants Against the Defendant's Attorney; (2) Memorandum of Points and Authorities in Support; (3) Declaration of William Silverstein; (4) Proposed order.

on the interested parties in this action by placing a true and correct copy of such document(s) in a sealed envelope(s) addressed as follows:

Janine K. Jefferey
Reily & Jeffery, Attorneys at Law.
19839 Nordhoff Street
Northridge, California 91324
Attorney for defendant Delta Air Lines

(the "Addressee") and serving such document(s) as follows:

X REGULAR MAIL. On the service date set forth hereinabove in the County of Los Angeles, I deposited such envelope(s) with postage thereon fully prepaid in the United States mail.

Executed on March 3, 2011, at Los Angeles, California.

I declare under penalty of perjury of the laws of the United States that the above is true and correct.

*Michelle Valle*

Michelle Valle