Janine K. Jeffery, Esq. CBN 112639
REILY & JEFFERY
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 350-6282
Fax No.: (818) 350-6283
Jjeffery@reilyjeffery.com

Attorneys for Defendant,
DELTA AIR LINES, INC. erroneously sued as DELTA AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM SILVERSTEIN, | CASE NO. CV 11-00236 JHN (JCx) |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND AND REQUEST FOR AN AWARD OF COSTS AND EXPENSES** |
| vs. | |
| DELTA AIRLINES, INC., and DOES 1-50, | |
| Defendants. | Date: April 11, 2011<br>Time: 2:00 pm<br>Place: Courtroom Roybal 790 |

Honorable Jacqueline H. Nguyen

Delta Air Lines, Inc. submits the following opposition to plaintiff's motion to remand and request for an award of costs and expenses.

## I. INTRODUCTION

Plaintiff seeks to remand this case asserting that Delta's removal was based solely on the Airline Deregulation Act. *See e.g.*, Motion to Remand, p. 3:13-14) Plaintiff is simply wrong. The primary basis for the removal, as stated in the removal papers, was that plaintiff pled that the Montreal Convention applied to this action and that under the well-pled complaint rule, that pleading was sufficient to justify removal. A secondary basis for removal was the preemptive effect of the ADA and plaintiff's pleading of it. As demonstrated below, removal

1

was proper under the well-pleaded complaint rule.

## II. ARGUMENT

"Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir.) (quoting 28 U.S.C. § 1331), cert. denied, 484 U.S. 850, 108 S. Ct. 150, 98 L. Ed. 2d 106 (1987). The decision regarding removal jurisdiction is based on the "well-pleaded complaint rule." Under that rule, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint. *See* ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

While plaintiff asserts in his motion to remand that the case was removed on the ground of the Airline Deregulation Act of 1978, that was a secondary basis for removal. The primary basis for removal was the Montreal Convention. In that regard, in his complaint, plaintiff alleges that the Montreal Convention applies to his third and fourth causes of action arising out of the alleged lost items from his bags on an international flight and the delay in that flight. (Complaint, ¶¶ 79, 81, 90-91) Specifically, plaintiff pled "Defendants are required to abide by the "Convention for the Unification of Certain Rules for International Carriage by Air" also known as the 'Montreal Convention.'" (Complaint, ¶ 78) Similarly, plaintiff alleged that the Montreal Convention requires "Defendants to accept baggage claims for at least three days from receipt

of the bag." (Complaint, ¶ 79)

Moreover, the Montreal Convention provides that "In the carriage of passengers, baggage and cargo, any action for damages, *however founded*, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. . . ." (Emphasis supplied.) As such, plaintiff's assertion that there is no preemption since "his claims in this case are only for defendant failing to give effect to bargains offered to and accepted by plaintiff" is misplaced.

The Courts in Jones v. USA 3000 Airlines, 2009 U.S. Dist. LEXIS 9049, 2009 WL 330596 (E.D. Mo. Feb. 09, 2009) and Knowlton v. Am. Airlines, Inc., 2007 U.S. Dist. LEXIS 6882, 2007 WL 273794 (D. Md. Jan. 31, 2007), determined that the Montreal Convention completely preempts state law claims and justifies removal jurisdiction. As recognized in Knowlton, "as a matter of public policy, airlines should not be subject to contract claims in state courts involving a three-dollar breakfast." *See also* Schaefer-Condulmari v. US Airways Group, Inc., 2009 U.S. Dist. LEXIS 114723, * 29 (E.D. Pa. December 2009) (holding that there is complete preemption under the Montreal Convention and hence, removal was proper.) *But see* Nankin v. Cont'l Airlines, Inc., 2010 U.S. Dist. LEXIS 11879 (C.D. Cal., January 2010) (no preemption where claim is for complete non-performance, as opposed to delay).

Because plaintiff's claims under the Montreal Convention are for delay and a missing item during international travel and because he specifically pled that the Montreal Convention applies, there is complete preemption of those claims and removal was proper.

As an independent basis for removal, Delta pled that the Airline Deregulation Act justifies removal. Again, in his complaint, plaintiff specifically

3

relied on the ADA in asserting the authority of 49 USC § 41712. (Complaint, ¶¶ 82, 90) Again, according to the well-pled complaint rule, plaintiff's invocation of a federal statute justified removal and compels denial of plaintiff's motion to remand.

### A. Costs and Expenses Should Not be Awarded In the Event this Court Determines that Remand is Appropriate.

If this Court determines that remand is appropriate, plaintiff should nonetheless not be awarded costs or expenses. Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "wide discretion" under § 1447(c). Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (Emphasis supplied.) Here, plaintiff has not shown that Delta lacked an objectively reasonable basis for removing the action given that plaintiff pled both the Montreal Convention and the Airline Deregulation Act. Further, the case law cited above by Delta supports the propriety of removal and therefore, demonstrates that Delta had an objectively reasonable basis for seeking removal. Further, in Merino v. Saxon Mortg., 2011 U.S. Dist. LEXIS 25425, * 13 (N.D. CA 2011), the Court determined that a removal petition based on the explicit references to federal law in Plaintiff's complaint was "objectively reasonable." Accordingly, there is no basis for imposing fees against Delta in connection with the removal.

Plaintiff's fee request is also suspect. While he claims that he incurred fees in consulting with a "California licensed" attorney, he has not provided the name of this attorney, an invoice from the attorney, proof of payment of the attorney, or anything about the attorney that would justify payment of

$350.00 per hour, assuming such was actually paid. Accordingly, if this Court is inclined to grant costs and fees, it should not include any provision therein for plaintiff's alleged "consultation" with an attorney.

### III. CONCLUSION

Under the well-pled complaint rule, Delta submits that jurisdiction in this court is proper. If, however, this Court disagrees and concludes that remand is appropriate, costs and expenses in favor of plaintiff are not warranted.

Dated: March 21, 2011                                  REILY & JEFFERY

By: _/s/ Janine K. Jeffery_
Janine K. Jeffery, Esq.
Attorneys for defendant

## PROOF OF SERVICE

I, Leslie C. Toledo, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 19839 Nordhoff Street, Northridge, California 91324.

On March 21, 2011, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OPPOSITION TO MOTION TO REMAND AND REQUEST FOR AN AWARD OF COSTS AND EXPENSES** on the interested parties in this action as follows:

William Silverstein,
In Pro Per
3540 Wilshire Blvd., # 901
Los Angeles, CA 90010

___    **BY OVERNITE EXPRESS OVERNIGHT MAIL.** The documents were placed in sealed, addressed packages for overnight delivery on this date in the ordinary court of business, with all charges prepaid for overnight delivery, to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

_X_    **BY FIRST CLASS MAIL:** The documents were placed in a sealed, addressed envelopes. I caused such envelopes to be deposited in the mail at Los Angeles, California. The envelope were mailed with postage fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    **BY FACSIMILE TRANSMISSION.** I caused said document to be transmitted by Facsimile machine to:

Executed on March 21, 2011 at Northridge, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Leslie C. Toledo*
Leslie C. Toledo