William Silverstein
3540 Wilshire Blvd. Suite 901
Los Angeles, CA
(213) 632-5297
(213) 632-5299 (FAX)
deltacase@sorehands.com
*Plaintiff in pro per*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN <br><br> Plaintiff, <br><br> vs. <br><br> DELTA AIR LINES, INC, and DOES 1-50, <br><br> Defendants. | Case No.: 11-CV-00236-JHN (JCx) <br><br> PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND <br><br> Date:     Monday, April 11,2011 <br> Time:     2:00 pm <br> Place:    Courtroom Roybal 790 <br><br> Honorable Jacqueline H. Nguyen |

Plaintiff respectfully submits his response to Defendants' opposition.

## I.    INTRODUCTION

Defendants ignore that the Ninth Circuit has made clear, that section 1441 is to be construed strictly against removal jurisdiction. Defendants ignore that the United States Supreme Court has made it clear that the mere mention of federal issues in a state law claim does not provide a hook for a defendant to remove a case to federal court.

The simple fact is that Plaintiff's claims are for state law, claims, not federal claims.

- 1 -

PLAINTIFF'S RESPONSE TO
DEFENDANT'S OPPOSITION
TO MOTION FOR REMAND

1

## II.  Discussion

2
3
4

Where plaintiff can state claims under both federal and state law, he can prevent removal by alleging only  state law claims. <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d 339, 344 (9th Cir.1996).

5
6
7
8
9

Plaintiff's reference federal law and treaty establish violations under California Business & Professions Code § 17200. This Court, as the Court in <u>Merino v. Saxon Mortg.</u>, Inc., 2011 U.S. Dist. LEXIS 25425 (N.D. Cal. Feb. 28, 2011), should reject jurisdiction where the is no federal claim, but solely reference to federal claim as part of the California Business & Professions Code § 17200 claim.

10
11
12

> *"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979)."*

13

<u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. Nev. 1992)

14
15

> *"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."*

16

<u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 813 (U.S. 1986)

17

18
19

### A.  Plaintiff's Reference To 49 USC § 41712 Does Not Give This Court Jurisdiction

20
21

Plaintiff's complaint cannot include a claim under 49 U.S.C. § 41712 does not have standing.  49 U.S.C. § 41712(a) in relevant part states,

22
23
24
25
26
27

> *"(a) In General.— On the initiative of the **Secretary of Transportation or the complaint of an air carrier, foreign air carrier, or ticket agent**, and if the Secretary considers it is in the public interest, the Secretary may investigate and decide whether an air carrier, foreign air carrier, or ticket agent has been or is engaged in an unfair or deceptive practice or an unfair method of competition in air transportation or the sale of air transportation."* [emphasis added]

28

- 2 -

PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND

1   Plaintiff has not made a claim under this statute as he has no standing, he is a

2   consumer, not the Secretary of Transportation, an air carrier, or a ticket agent. However

3   Plaintiff referred to this, in part to show that Defendant has been fined for the same type

4   of illegal behavior. This reference is simply an example of Defendants pattern and

5   practice of lawlessness and intentional deceit.

6

7   **B.      Plaintiff's Reference To The Montreal Convention Does Not Give This**

8   **Court Jurisdiction.**

9   Again, Plaintiff does not make a under the Montreal Convention, but makes

10  reference to it as another example of what laws Defendants are required to abide by, but

11  has a pattern and practice to violate.

12  Plaintiff may make reference to laws, not pled as causes of action to further

13  reinforce the illegality of Defendant's wrongful behavior.

14

15  **C.      Defendants Removal Is Not Objectively Reasonable.**

16  The case law in this Circuit clearly establishes that Defendants' removal is clearly

17  improper.

18  Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir.1996) and Libhart v

19  Santa Monica Dairy Co, 592 F2d 1062, 1064 (9th Cir 1979) makes it clear that

20  Plaintiff's decision to file in state court is to be respected.

21  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (U.S. 1986) and

22  Gully v. First Nat'l Bank, 299 U.S. 109 (U.S. 1936) both establish mere mention of

23  federal issue does not provide federal jurisdiction.

24  It is clear that Defendants removal was objectively unreasonable, as Plaintiff did

25  not ask for relief under federal law or treaty and was not completely preempted. There is

26  no novel issue or borderline question. The law is, and has been, clear on this issue.

27

28

- 3 -          PLAINTIFF'S RESPONSE TO
DEFENDANT'S OPPOSITION
TO MOTION FOR REMAND

III. **Conclusion.**

As it has been well settled law that this Court has no basis for jurisdiction defendant's removal is not objectively reasonable. The law on the issues regarding the instant case is well settled and more than 10 years old.

Plaintiff requests that his expenses and attorney fees be paid by defendant as the removal is clearly improper and objectively unreasonable.

Plaintiff has incurred $1,691.67 in attorney fees as a result of defendant's improper removal. (See Luna Decl.) Plaintiff also expects to incur an additional $55.00 in have this reply filed and to appear at hearing.

Plaintiff respectfully requests that the Court remands this case to state Court and to order Defendant to pay $1,746.67 in his costs and attorney fees relating to this removal.

Dated:      March 26, 2011

Respectfully Submitted,

William Silverstein,
Plaintiff in pro per

- 4 -

PLAINTIFF'S RESPONSE TO
DEFENDANT'S OPPOSITION
TO MOTION FOR REMAND

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA,      )

3

COUNTY OF LOS ANGELES     )

4

5          I am a resident of the County of Los Angeles, State of California and I am over the age of 18 and

6   not a party to the within action.  My work address is 3540 Wilshire Blvd. #417, Los Angeles, CA.

7          On March 27, 2011, I served the foregoing document(s) entitled:

8   (1) Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion to Remand (2) Declaration of

9   David Luna

10

11   on the interested parties in this action by placing a true and correct copy of such document(s) in a sealed
envelope(s) addressed as follows:

12

13   Janine K. Jefferey
Reily & Jeffery, Attorneys at Law.

14   19839 Nordhoff Street
Northridge, California 91324

15   Attorney for defendant Delta Air Lines

16

17   (the "Addressee") and serving such document(s) as follows:

18

19     X   REGULAR MAIL.  On the service date set forth herein above in the County of Los Angeles, I

20   deposited such envelope(s) with postage thereon fully prepaid in the United States mail.

21

22   Executed on March 27, 2011, at Los Angeles, California.

23   I declare under penalty of perjury of the laws of the United States that the above is true and correct.

24

25

26                                Michelle Valle

27

28                        - 5 -               PLAINTIFF'S RESPONSE TO
DEFENDANT'S OPPOSITION
TO MOTION FOR REMAND