William Silverstein
3540 Wilshire Blvd. Suite 901
Los Angeles, CA
(213) 632-5297
(213) 632-5299 (FAX)
deltacase@sorehands.com
*Plaintiff in pro per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC, and DOES 1-50,<br><br>Defendants. | Case No.: 11-CV-00236-JHN (JCx)<br><br>DECLARATION OF DAVID A. LUNA IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND<br><br>Date:     Monday, April 11, 2011<br>Time:    2:00 pm<br>Place:   Courtroom Roybal 790<br><br>Honorable Jacqueline H. Nguyen |

I, David A. Luna, declare:

1. I am an attorney at law licensed to practice law in the State of California and before this court. I have personal knowledge of the following and could and would competently testify if called to do so as a witness in these proceedings.

2. My usual and customary hourly rate if $350.00 per hour, which Mr. Silverstein agreed to pay me for my work. I obtained my law degree from Harvard Law School in 1974 and was admitted to the California Strate Bar on or about February 25, 1975. I have continuously practiced law since that timae and have practiced for approximately 35 years. During the years 1979 through approxiatemely 1981, I was an adjunct professor of law at Loyola School of Law and have been rated "AV" by Martindale Hubble since approximately March of 1997. I have extensive litigation experience.

3. I discussed with and assisted Mr. Silverstein regarding several legal issues, including the improper removal and his motion to remand the instant action. I spent time reviewing the complaint and discussing the issues surrounding the removal and the motion to remand. Fifty (50) minutes were directly related to the improper removal and motion to remand.

4. I spent 4 hours assisting Plaintiff with his reply brief and I reviewed Plaintiff's points and authorities in his motion for remand, Defendant's opposition to Plaintiff's Motion to Remand, review of legal research by client, conducted further legal research regarding 28 U.S.C. § 1447(c) standard for determining whether there was an "objectively reasonable basis for seeking removal," and also reviewed cases cited by Defendant regarding same.

5. It is my opinion that the removal was clearly improper and without an objectively reasonable basis, especially in light of the rulings in Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983) and Valles v. Ivy Hill Corp., 410 F.3d 1071, and Nankin v. Cont'l Airlines, Inc., 2010 U.S. Dist. LEXIS 11879.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 26, 2011, at Los Angeles, California.

David A. Luna