JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (In Chambers)

**I. Introduction**

The matter before the Court is Plaintiff William Silverstein's ("Plaintiff") Motion to Remand ("Motion") (docket no. 12), pursuant to 28 U.S.C. § 1447(c), filed on March 4, 2011. Defendant Delta Airlines, Inc. ("Defendant") filed an Opposition on March 21, 2011 (docket no. 16), and Plaintiff filed a Reply on March 28, 2011 (docket no. 17). The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for April 11, 2011 is removed from the Court's calendar. For the reasons herein, the Court GRANTS the Motion.[1]

**II. Background**

On November 22, 2010, Plaintiff filed his Complaint in Los Angeles County Superior Court. The Complaint alleges the following state law causes of action against Defendant: (1) breach of contract; (2) negligence; (3) violation of Cal. Bus. & Prof. Code Section 17200 ("Unfair Competition Law" or "UCL"); and (4) two violations of California Consumers Legal Remedies Act ("CLRA"). On January 7, 2011, Defendant removed this case to federal court based on federal question jurisdiction (docket no.1).

Plaintiff alleges in the Complaint that he flew from Boston to Vancouver, BC, on September 20, 2008, and returned on Northwest flight Number 170 on September 23, 2008. (Compl. ¶¶ 34.) As a result of a delay, Plaintiff arrived at approximately 1:00 am on November 24, 2008.[2] (*Id.* ¶ 37.) Upon arrival,

---

[1] The Court also DENIES Defendant's Motion to Dismiss (docket no. 4), filed on January 10, 2011, as moot. Accordingly, the hearing set for May 16, 2011 is removed from the Court's calendar.

[2] The Court assumes that Plaintiff intended to allege that he arrived on September 24, 2008, consistent with the allegations in paragraph 34 of the Complaint. (*Compare* Compl. ¶ 37 (alleging Plaintiff was scheduled to return on September 23, 2008 at 10:23 pm) *with Id.* ¶ 37 (alleging, "[a]s a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

Plaintiff discovered that his suitcase was partially unzipped and that his Celluon virtual keyboard was missing from his suitcase. (*Id.* ¶ 39.)  Plaintiff reported the missing item to a Northwest employee but did not immediately file a claim.  (*Id.* ¶ 40.)  On November 26, 2008, Plaintiff called Northwest to report the missing item but was informed that he needed to file a claim at the airport within 24 hours of his arrival.  (*Id.* ¶ 42.)  Plaintiff alleges that although Article 26 of the Montreal Convention requires Defendant to accept baggage claims for at least three days from receipt of the bag, Defendant falsely represented that Plaintiff must file a written report at the airport within 24 hours following baggage damage or loss.  (*Id.* ¶¶ 77–81.)

Plaintiff alleges both UCL and CLRA violations relating to allegedly false representations made by Northwest Airlines to Plaintiff when he was inquiring about the complaint process for the missing keyboard.  (Compl.¶¶ 39–45, 73–81, 85–92.)  In pleading these claims, Plaintiff references the "Convention for the Unification of Certain Rules for International Carriage by Air," also known as the "Montreal Convention," as well as and 49 U.S.C. § 41712 (the "Federal Aviation Act" or "FAA").  (*See Id.* ¶¶ 78, 90.)

On January 7, 2011, Defendant removed this case to federal court, asserting that this court has original jurisdiction under both the Montreal Convention and the Airline Deregulation Act. (Notice of Removal ¶¶ 4–9.)

### III.  Legal Standard

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, the court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The plaintiff, as the "master of the complaint," may choose not to plead federal claims to avoid removal from the state forum.  *Caterpillar*, 482 U.S. at 392. Additionally, removal to federal court cannot be based on "a federal defense, including the defense of pre-emption."  *Id.*

The doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule.  *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F. 3d 1102, 1107 (9th Cir. 2000).  Where "the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law . . . any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 1107 (citations and quotation omitted).  Complete

---

result of this delay, Plaintiff arrived at approximately 1:00 am on November 24, 2008.")

<hr />

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

preemption exists only when Congress intends to transfer jurisdiction of an entire subject matter from state to federal court. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987).

## IV. Discussion

Plaintiff moves to remand the action to state court because the Complaint alleges only state law claims. (Mot. at 3–5.) Defendant contends that federal question jurisdiction exists because under the well-pleaded complaint rule, Plaintiff has "specifically pled that the Montreal Convention is applicable to all 'international carriage of persons, baggage, or goods performed by aircraft for hire.'" (Notice of Removal ¶ 6–8.)[3] Defendant further argues that Plaintiff's state law causes of action relating to the delay in travel and items allegedly stolen from Plaintiff's baggage are completely preempted by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention"). (*Id.* ¶¶ 4–8). Defendant also contends that the Airline Deregulation Act provides an independent basis for removal. (Opp'n at 3.)

### A. Plaintiff's State Law Causes of Action are not Completely Preempted by the Montreal Convention

Defendant argues that the Montreal Convention provides complete preemption for Plaintiff's state law causes of action. (Opp'n at 2.) The Montreal Convention, which serves to promote uniformity in the laws governing airline liability for the "international carriage of persons, baggage, or cargo performed by aircraft," imposes three categories of air carrier liability. *See* Montreal Convention at art. 1. Article 17 imposes liability for accidental death or bodily injury of passengers while on board, embarking, or debarking, as well as baggage loss or damage; Article 18 addresses liability for damage to cargo; Article 19 imposes liability for damages resulting from delays; and Article 29 limits action for damages. *Serrano v. Am. Airlines, Inc.*, NO. 08-2256, 2008 U.S. Dist. LEXIS 40466, at *2, 17 (C.D. Cal. May 15, 2008). Article 29 of the Montreal Convention states that

> [i]n the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

---

[3] Although Defendant also argues that under the "well-pleaded complaint" rule, Plaintiff has specifically pled a federal cause of action under the Montreal Convention, Plaintiff's Complaint only alleges state law causes of action. Therefore, only Defendant's argument regarding complete preemption will be addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

Montreal Convention at art. 29.

At least two courts in this district have found that the Montreal Convention does not completely preempt state law causes of action. For example, in *Serrano v. Am. Airlines, Inc.*, Judge Matz found that "[o]n its face, Article 29 of the Convention suggests that the Convention is not intended to wholly displace all causes of action based in state law." NO. 08-2256, 2008 U.S. Dist. LEXIS 40466, at *8 (C.D. Cal. May 15, 2008). In *Serrano*, plaintiffs brought state contract and tort causes of action against American Airlines when personnel refused to allow the plaintiffs' infant to sit on their laps in business class seats, determined they were not permitted to take their scheduled flight, refused to provide alternate arrangements, attempted to interfere in the purchase of replacement tickets with another airline, and threatened to call the police. Judge Matz found that the Montreal Convention does not completely preempt the state law causes of action, and to hold otherwise would "conflate ordinary preemption with the complete preemption exception to the well-pleaded complaint rule." *Id.* at *14–15, n.1; *See also Nankin v. Cont'l Airlines, Inc.*, No. 09-07851, 2010 U.S. Dist. LEXIS 11879, at *16 (C.D. Cal. Jan. 29, 2010) ("[T]he Montreal Convention does not completely preempt state law causes of action . . . . [r]ather, it controls the remedies available and liabilities that can be imposed via those causes of action.").

The Court recognizes that there is a circuit split on the issue of whether the Montreal Convention completely preempts state law causes of action. However, the Court finds the reasoning of the cases holding that no complete preemption exists more persuasive, and declines to follow out of circuit contrary authority cited by Defendant. (*See Nankin*, 2010 U.S. Dist. LEXIS 11879, at *13–14, for a discussion of the disagreement amongst federal courts in different circuits.) Although Plaintiff makes reference to the Montreal Convention in the third and fourth causes of action, Plaintiff's UCL and CLRA claims relate to false representations made by Northwest Airlines. The provisions of the Montreal Convention only serve to control remedies available and liabilities that can be imposed through the state law causes of action. *See Nankin*, 2010 U.S. Dist. LEXIS 11879, at *16. Thus, Plaintiff's claims, as alleged, do not provide a basis for federal jurisdiction.

> **B.     Plaintiff's State Law Causes of Action are not Completely Preempted by the Airline Deregulation Act**

Additionally, Defendant contends that this action is completely preempted by the Airline Deregulation Act ("ADA"). (Notice of Removal ¶¶ 9–10; *see also*, Opp'n at 3–4.) In relevant part, the preemption provision of the ADA states that

> [A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

It is well settled that the ADA does not completely preempt state tort law causes of action. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) ("[T]he ADA does not even provide for a private right of action to enforce its provisions . . . . Therefore, the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine.") "Congress's intent in enacting the ADA was to deregulate the airlines and rely on market forces to provide variety and qualify of air transportation services." *Id.* (citing *Morales v. TWA*, 504 U.S. 374, 378 (1992); *Charas v. Trans World Airlines*, 160 F.3d 1259, 1265-66 (9th Cir. 1998); *see also*, *Santee v. Mesa Airlines*, 2009 U.S. Dist. LEXIS 124654, at *8 (D. Ariz. July 10, 2009)("The ADA's preemption provision was intended to 'avoid state interference with federal deregulation,' and it does not indicate that Congress intended to displace state tort law.")(quoting *Charas*, 160 F.3d at 1265).

Here, Plaintiff's Complaint only alleges state law causes of action. Even though Plaintiff references an ADA provision in his Complaint, because the ADA does not completely preempt state law tort causes of action against an airline, the ADA does not provide federal jurisdiction in this case.

**V. Conclusion**

Because Plaintiff's Complaint alleges only state causes of action, and neither the Montreal Convention nor the ADA provides complete preemption, the Court finds that remand of the case to Superior Court is proper. *Caterpillar*, 482 U.S. at 392 (holding that removal to federal court cannot be based on "a federal defense, including the defense of pre-emption").[4]

Accordingly, the Court GRANTS Plaintiff's Motion to Remand (docket no. 22) and remands the case to the Superior Court of the State of California, County of Los Angeles.[5]

IT IS SO ORDERED.

---

[4] Although diversity jurisdiction can also be grounds for removal of state causes of action, diversity of citizenship was not alleged as grounds for removal. (*See* Notice of Removal ¶ 4.) Moreover, the amount in controversy and Defendant's citizenship are not disclosed in the Complaint. (*See* Compl. ¶¶ 1-5.) Because the Court cannot determine whether diversity jurisdiction exists, Defendant has not met its burden of establishing that removal is proper under diversity jurisdiction. *See Moore-Thomas*, 553 F.3d at 1244.

[5] The Court denies Plaintiff's request for attorneys fees and expenses because the Court does not find that the Defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00236-JHN -JCx | Date | April 7, 2011 |
|---|---|---|---|
| Title | William Silverstein v. Delta Airlines, Inc. et al | | |

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |